**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JONATHAN WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-120-RLW |
| | ) |
| WES DRURY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by plaintiff Jonathan Wright. For the reasons stated below, the Court will dismiss plaintiff's official capacity claims against defendant Ryan and all of plaintiff's claims against defendant Justin Wouten, and will direct the Clerk of Court to issue process upon the complaint as to defendant Ryan in his individual capacity.

In the amended complaint, plaintiff names correctional officer Ryan and Sgt. Justin Wouten as defendants. He sues both defendants in their individual and official capacities. The events giving rise to the amended complaint occurred while plaintiff was incarcerated at the Scott County Jail in Benton, Missouri. Plaintiff alleges that, on April 15, 2017, Ryan pulled and slammed plaintiff's right hand in the "choke hole" while plaintiff was handcuffed, causing injuries serious enough that plaintiff sought medical attention and was taken to the hospital. These allegations state a non-frivolous claim against defendant Ryan in his individual capacity, and the Clerk of Court will be directed to serve process or cause process to issue upon him.

However, plaintiff's official capacity claims against Ryan are subject to dismissal. Naming a government official in his official capacity is the equivalent of naming the government

entity that employs him, which in this case is the City of Benton, Missouri. To state a claim against a municipality or a government official in his official capacity, plaintiff must allege that a policy or custom of the municipality/governmental entity is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). In this case, the amended complaint contains no allegations that a government or municipal policy or custom was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official capacity claims against Ryan will be dismissed.

Plaintiff next alleges that correctional officer Mike was present at the time, and "stated to Ryan that, that was uncalled for" and told plaintiff to put down his name as a witness. (Docket No. 6 at 5). Plaintiff alleges that he filed a grievance to report the incident, but was told he could not have a copy of it. These allegations do not state a claim of constitutional dimension against either defendant.

Finally, plaintiff states that Wouten "came to talk to me" and said there was "nothing he can do about it because he can't see it on camera and he refused to talk to correctional officer Mike stating that they work on different shifts!" *Id.* Wouten cannot be liable for the actions of his subordinates based on respondeat superior. *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012). Wouten may be liable under § 1983 if he: (1) had notice of a pattern of unconstitutional acts committed by subordinates, (2) was deliberately indifferent to or tacitly authorized those acts, and (3) failed to take sufficient remedial action, (4) proximately causing injury to plaintiff. *Id.* (citing *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)). Here, plaintiff does not allege that Wouten had notice of a pattern of unconstitutional acts, or that his failure to act was the proximate cause of plaintiff's injury. Instead, plaintiff alleges that Ryan committed a single act of wrongdoing and Wouten failed to investigate. *See Livers*, 700 F.3d at 355 ("A single

incident, or isolated incidents, do not ordinarily satisfy this burden.") Therefore, the Court concludes that plaintiff fails to state a claim against Wouten, and will dismiss him from this case, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against Ryan are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all of plaintiff's claims against Wouten are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon defendant Ryan in his individual capacity at 131 S. New Madrid Street, Benton, Missouri 63736.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of dismissal will be entered herewith.

Dated this 7th day of December, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE